**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Quinton Dewayne Inman, #298283, | ) | |
| | ) | Civil Action No.: 1:15-cv-02399-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Larry Cartledge, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Quinton Inman ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel. (ECF No. 1). Petitioner is currently incarcerated at the McCormick Correctional Institute within the South Carolina Department of Corrections ("SCDC"). This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 16).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva Hodges, for pre-trial handling. On March 22, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 22). This review considers Petitioner's Objection to the Report and Recommendation ("Objections"), filed April 21, 2016. (ECF No. 25).

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 32). The court will only recite herein facts pertinent to the

1

analysis of Petitioner's Objections.

In August 2006, the Marion County Grand Jury issued an indictment charging Petitioner with murder. (ECF No. 22 at 3.) A jury trial was held on August 4-6, 2008, before the Honorable Thomas A. Russo. (*Id.*) The jury found Petitioner guilty as charged, and Judge Russo sentenced Petitioner to life without the possibility of parole. (*Id.*) Petitioner, represented by appellate counsel, filed a direct appeal of his conviction and sentence in the South Carolina Court of Appeals raising only one issue: whether the trial judge committed reversible error by failing to instruct the jury on the law of accessory after the fact. (*Id.* at 4.) On October 21, 2010, the Court of Appeals dismissed Petitioner's appeal.

Subsequently, on June 17, 2011, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which was dismissed on March 7, 2014, following an evidentiary hearing. (*Id.*) Petitioner did not file a motion to alter or amend. Petitioner, through counsel, timely filed a petition for writ of certiorari raising the following issue: whether trial counsel's failure to introduce a recorded statement that would have impeached the State's star witness constituted ineffective assistance of counsel. (*Id.*) On May 20, 2015, the South Carolina Supreme Court denied the petition. (*Id.* at 5).

Petitioner filed the instant habeas Petition on June 8, 2015, alleging four grounds for relief: (1) ineffective assistance of counsel for failure to conduct a thorough background investigation on Petitioner which might have recognized mental health issues that would have helped mitigate the sentence; (2) ineffective assistance of counsel for failure to play the recorded statement by the State's star witness which could have been used to impeach his trial testimony; (3) ineffective assistance of counsel for failure to object to photographic evidence; and (4) ineffective assistance of counsel for failure to object to DNA evidence and the autopsy report. (*Id.*) On October 19,

2015, Respondent filed a Motion for Summary Judgment along with a Return and Memorandum of Law in Support of Motion for Summary Judgment. (ECF Nos. 15, 16.) On October 19, 2015, the court entered an order pursuant *to Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the time period for filing a response. (ECF No. 17.) On November 30, 2015, the court entered an order directing Petitioner to file a response by December 14, 2015, if he did not want the case dismissed for failure to prosecute. (ECF No. 19.) Subsequently, Petitioner filed a response in opposition on December 14, 2015. (ECF No. 21.)

On March 22, 2016, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition. (ECF No. 22.) On each ground, the Magistrate Judge determined that Petitioner could not demonstrate that the PCR court reached an unreasonable factual determination given the evidence and record before it.

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself

3

that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Although Petitioner filed Objections to the Magistrate Judge's Report, the Objections were not timely.  Petitioner was required to file any objections to the Report by April 8, 2016.  (*See* ECF No. 22 at 24.)  Petitioner's Objections were not filed until April 19, 2016, when they were received in the mailroom of McCormick Correctional Institute.  (ECF No. 25-1.)  There is no record of Petitioner requesting or being granted an extension, which would permit a late filing.  Further, even if Petitioner's Objections were timely, Petitioner's Objections still fail to outline specific errors in the Report to prompt this court to conduct a *de novo* review.  Petitioner's Objections largely consist of detailed explanations of his perception of the evidence in this case along with summaries of relevant case law.  Accordingly, this court has conducted a review of the Report, and does not find clear error.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 22).  It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 16) is **GRANTED**, and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 10, 2016
Columbia, South Carolina